UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                              Plaintiff

v.                                                                  Case No. 3:10-CR-93-TBR-CHL

DETRICK LAYFIELD,                                                                      Defendant

Memorandum Opinion and Order

I.   Introduction

Detrick Layfield moves to vacate or correct his sentence. Def.'s Mot. Vacate, DN 65.

The United States moves for leave to file a response out of time. Pl.'s Mot., DN 68. Layfield did not respond to this request, but replied to the proposed response on the merits. Def.'s Reply, DN 69. Accordingly, the Court will grant the United States' motion for leave to file a response out of time.

In its response, the United States moves to stay this case. Pl.'s Resp. 1, DN 68-2. For the reasons below, the Court will stay this case pending the Supreme Court's consideration of *Beckles v. United States*.

II.   Layfield's motion to vacate

Layfield challenges the sentence he received for two counts of possessing a firearm as a convicted felon. Def.'s Mot. 1. In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's "crime of violence" definition was void for vagueness. 135 S.Ct. 2551 (2015). Layfield argues that his sentence is invalid because the district court used the following "crime of violence" definition in U.S.S.G. § 4B1.2:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (2) …*otherwise involves conduct that presents a serious potential risk of physical injury to another.*

1

Def.'s Mot. 2 – 3. The italicized residual clause above is the same residual clause ruled invalid in *Johnson*. 135 S.Ct. at 2555 – 56 (quoting 18 U.S.C. § 924(e)(2)(B)). Thus, Layfield argues that applying *Johnson's* reasoning invalidates U.S.S.G. § 4B1.2, which enhanced his base offense level, and in turn, his guideline range. Def.'s Mot. 2.

III. <u>The United States' motion to stay</u>

In response, "The United States agrees that *Johnson* invalidates the residual clause of § 4B1.2(a)(2) for the same reason it posed a problem under [the Armed Career Criminal Act]." Pl.'s Resp. 5 (brackets added). The United States goes on to argue that *Johnson* does not apply retroactively on collateral review in the guidelines context. *Id.*

In the meantime, the United States moves to stay this case while the Supreme Court considers *Beckles v. United States*. Resp. 1. On June 27, 2016, the Supreme Court granted certiorari in *Beckles*, a case which raises similar issues as Layfield's motion. 136 S.Ct. 2610 (2016). The questions presented in *Beckles* include the following:

1. Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?

2. Whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?

*See* 616 F.App'x 415 (11th Cir. Sept. 29, 2015), *cert. granted,* 136 S.Ct. 2610 (U.S. Mar. 9, 2016) (15-8544); *see also*, Pet. Writ. Cert. (Mar. 9, 2016), http://www.scotusblog.com/case-files/cases/beckles-v-united-states/.[1]

The Court agrees with the parties that a stay in this case would be appropriate pending the Supreme Court's consideration of *Beckles*. Though the United States concedes that *Johnson*

---

[1] The third question presented asks the Supreme Court to determine whether "mere possession of a sawed-off shotgun" remains a crime of violence after *Johnson*. *See* Pet. Writ. Cert. (Mar. 9, 2016), http://www.scotusblog.com/case-files/cases/beckles-v-united-states/.

invalidates the residual clause of § 4B1.2, the parties disagree about whether *Johnson* applies retroactively on collateral review in this context. The Supreme Court's decision in *Beckles* will likely clarify this central issue: whether Layfield can benefit from retroactive application of *Johnson*.

The Court will grant the United States' motion for a stay while the Supreme Court considers *Beckles*.

IV. <u>Conclusion</u>

The Court **GRANTS** the United States' motion for leave to file a response out of time (DN 68). The response tendered with that motion (DN 68-2) is deemed **FILED** of record in this action.

The Court **GRANTS** the United States' motion for a stay while the Supreme Court considers *Beckles v. United States*, 15-8544. The Court **STAYS** this matter while the Supreme Court considers *Beckles*.

cc: Counsel of record